IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MELISSA R.,[1]                                          Case No. 6:18-cv-00997-SU

                    Plaintiff,                          **OPINION**
                                                        **AND ORDER**

        v.

COMMISSIONER, Social Security
Administration,

                    Defendant.

_____

SULLIVAN, United States Magistrate Judge:

        Plaintiff Melissa R. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying her application for disability insurance

benefits ("DIB") under Title II of the Social Security Act (the "Act"). (Docket No. 1). This Court

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and last name initial of
non-government parties and their immediate family members.

has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* (Docket No. 4). For the reasons that follow, the Commissioner's decisions is REVERSED and this case is REMANDED for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff filed her application for DIB on November 19, 2014, alleging an amended disability onset date of November 14, 2014. Tr. 23, 49, 166–67.[2] Her applications were denied initially and upon reconsideration. Tr. 75, 102. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on March 24, 2017. Tr. 46–74, 122–23. On July 10, 2017, an ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 23–35. The Appeals Council denied plaintiff's request for review on May 8, 2018, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Born in 1970, plaintiff was 44 years old on her amended alleged onset date. Tr. 34, 76. She completed high school and one year of college and has past relevant work as a receptionist and administrative clerk. Tr. 33–34, 68, 197. She alleged disability based on chronic left hip pain, depression, anxiety, and mental confusion. Tr. 196; *see also* Tr. 25. Plaintiff lives with her husband and adult daughter. Tr. 52–53.

---

[2] "Tr." citations are to the Administrative Record. (Docket No. 10).

# LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests on the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At

step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date. Tr. 25. At step two, the

ALJ found that plaintiff had had the following severe impairments: asthma with seasonal allergies; congenital hip dysplasia, status post total left hip replacement; cervical spine degenerative disc disease; anxiety; depression; headaches; insomnia; and bilateral hearing loss and tinnitus treated with hearing aids. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination thereof that met or equaled a listed impairment. Tr. 27. The ALJ found that plaintiff had the RFC to perform sedentary work, but with the following limitations:

> [She] can lift, carry, push, and pull less than 10 pounds frequently and 10 pounds occasionally. She can sit four out of eight hours and stand/walk four out of eight hour[s], in an eight-hour workday, with normal breaks. [She] can perform work activities that do not require climbing ladders, ropes, or scaffolds and that occasionally include climbing ramps and stairs. She cannot ambulate over uneven surfaces and must be permitted to use a cane for ambulation away from the workstation, as needed. [She] can occasionally stoop, but cannot kneel, crouch and crawl. She can occasionally reach overhead bilaterally. She can have no exposure to atmospheric conditions and moving mechanical parts and unprotected height/hazards, nor noise that is greater than SCODOT[3] level 3 (moderate), without hearing protection. The claimant can understand, remember, and carry out simple instructions that can be learned in 30 days or less. She can have occasional public contact. She can occasionally interact with coworkers, but can perform no group tasks. She must perform all work indoors. She can frequently (not constantly) handle, finger, and feel bilaterally.

Tr. 29. At step four, the ALJ found that plaintiff could not perform any past relevant work. Tr. 33. At step five, the ALJ found, based on the RFC and VE testimony, a significant number of jobs existed such that plaintiff could sustain employment despite her impairments. Tr. 34. Specifically, the ALJ found plaintiff could perform the jobs of credit card clerk, sales and billing sorting clerk,

---

[3] The *Selected Characteristics of Occupations* ("SCO") is used to supplement the *Dictionary of Occupational Titles* ("DOT"). *See* Program Operational Manual System ("POMS") DI 25001.001 § A.49 (defining moderate noise level).

and document preparer. Tr. 34–35. The ALJ thus found plaintiff was not disabled within the meaning of the Act. Tr. 35.

## ANALYSIS

Plaintiff's appeal challenges the ALJ's step three finding, her subjective symptom testimony, as well as the weighing of the medical and lay opinion evidence. Because the Court concludes the ALJ's step three error requires remanding this case to obtain an expert medical opinion, which will necessarily require the ALJ to reweigh the evidence of record, the Court limits its analysis solely to the ALJ's step three determination and the appropriate remedy.

## I.    Step Three

At step three, an ALJ must determine whether a claimant meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). "Listed impairments are purposefully set at a high level of severity because the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Kennedy v. Colvin,* 738 F.3d 1172, 1176 (9th Cir. 2014) (quoting *Sullivan v. Zebley,* 493 U.S. 521, 532 (1990)). A claimant bears the burden of proving she meets or equals a listing and must provide medical evidence establishing all the relevant medical criteria. *Burch*, 400 F.3d at 683. However, "[a]n ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment" and a "boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

The ALJ's decision discussed several potential Listings that the she ultimately found plaintiff did not meet, including Listing 1.02A—major dysfunction of a joint. "Listing 1.02A

requires a claimant to prove (1) major dysfunction of a joint, such as a hip joint, (2) resulting in an

inability to ambulate effectively under Listing 1.00(B)(2)(b)." *Nester v. Comm'r of Soc. Sec.*

*Admin.*, 2012 WL 468254, at *5 (E.D. Cal. Feb. 13, 2012) (citing 20 C.F.R. pt. 404, Subpt. P, App.

1, 1.02A). The regulations further describe the "inability to ambulate" as follows:

> (1) Definition. Inability to ambulate effectively means an extreme
> limitation of the ability to walk; i.e., an impairment(s) that interferes
> very seriously with the individual's ability to independently initiate,
> sustain, or complete activities. Ineffective ambulation is defined
> generally as having insufficient lower extremity functioning . . . to
> permit independent ambulation without the use of a hand-held
> assistive device(s) that limits the functioning of both upper
> extremities. . . .

> (2) To ambulate effectively, individuals must be capable of
> sustaining a reasonable walking pace over a sufficient distance to be
> able to carry out activities of daily living. They must have the ability
> to travel without companion assistance to and from a place of
> employment or school. Therefore, examples of ineffective
> ambulation include, but are not limited to, the inability to walk
> without the use of a walker, two crutches or two canes, the inability
> to walk a block at a reasonable pace on rough or uneven surfaces,
> the inability to use standard public transportation, the inability to
> carry out routine ambulatory activities, such as shopping and
> banking, and the inability to climb a few steps at a reasonable pace
> with the use of a single hand rail. The ability to walk independently
> about one's home without the use of assistive devices does not, in
> and of itself, constitute effective ambulation.

20 C.F.R. pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b).

Plaintiff argues her congenital hip dysplasia qualifies as a major dysfunction of a joint and

that her "difficulty walking, particularly on uneven surface[s] and her inability to climb stairs at a

reasonable pace" demonstrates her inability to ambulate. Pl.'s Opening Br. 17 ("Pl.'s Br.") (Docket

No. 11); *see also* Pl.'s Reply 6–7 (Docket No. 13). The Commissioner effectively concedes

plaintiff meets the first element of Listing 1.02A, i.e. major dysfunction of her hip joint, but asserts

the ALJ's conclusion that plaintiff "failed to establish she is unable to ambulate effectively" is supported by substantial evidence. Def.'s Br. 10 (Docket No. 12).

The ALJ's discussion of Listing 1.02A was limited to a single sentence: "[Plaintiff's] left hip impairment does not satisfy medical listing 1.02 because the record does not establish that she has an inability to ambulate effectively." Tr. 28. The ALJ was required to supply more than a "single, conclusory statement" regarding Listing 1.02A. *Cargill v. Berryhill*, 762 F. App'x 407, 409 (9th Cir. 2019) ("[A]ll that we are left with of the ALJ's [Listings 1.02A] analysis on this point is one sentence concluding that [the claimant's] injury 'has not resulted in an [in]ability to ambulate effectively.' Our case law requires more.").[4]

The *Nester* court concluded that the ALJ's failure to make "factual findings regarding the 'pace' of [the claimant's] ambulation" required remand as follows:

> Listing 1.00(B)(2)(b) provides, "To ambulate effectively, individuals must be capable of sustaining a *reasonable walking pace* over a sufficient distance to be able to carry out activities of daily living . . . examples of ineffective ambulation include, but are not limited to . . . the inability to walk a block *at a reasonable pace* on rough or uneven surfaces . . . the inability to climb a few steps *at a reasonable pace* with the use of a single hand rail." 20 C.F.R. pt. 404, subpt. P, app.1, § 1.00(B) (2)(b) (emphasis added).
>
> Despite the Listing's focus on "pace" of ambulation, the ALJ did not make any factual findings regarding the "pace" of plaintiff's ambulation.

*Nester*, 2012 WL 468254, at *8 (emphasis in original); *see also Dobson v. Astrue*, 267 F. App'x 610, 612–13 (9th Cir. 2008) (remanding for further proceedings at step three where the ALJ failed

---

[4] The Court declines to consider the records the Commissioner cites in an attempt to bolster the ALJ's step three conclusion. Def.'s Br. 9–11. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

to properly assess "whether [the claimant] could otherwise ambulate effectively"); *Petranoff v. Berryhill*, 2018 WL 1399851, at *7 (N.D. Cal. Mar. 20, 2018) (finding legal error where "ALJ's analysis of Listing 1.02 was limited to 4 sentences" and "appear[ed] to have also taken an unduly narrow view of the definition of 'effective ambulation'").

Here, the record contains evidence that supports plaintiff's assertion that she has difficulty ambulating, specifically with regards to her pace. For example, plaintiff's hearing testimony revealed that she struggles "[g]oing up and down stairs" and her "pace [was] a little bit slower" while walking. Tr. 61. This difficulty was reported in the record. Tr. 430. Similarly, medical records indicated that plaintiff "walk[ed] with a slight limp" and her gait was antalgic. Tr. 395, 431. Plaintiff's treating physician opined that she had mobility issues, constant joint left hip pain, and could walk between two and three city blocks "without rest or severe pain." Tr. 577, 578.[5] The ALJ's failure to make any findings relating to plaintiff's ability to ambulate and account for this evidence at step three was error. *See Nester*, 2012 WL 468254, at *7 ("Evidence in the record suggests plaintiff does have difficulties ambulating, so it cannot be said that plaintiff failed to produce evidence on the issue—instead, the ALJ failed to make necessary findings regarding that evidence.").[6]

---

[5] Additionally, with regard to her chronic hip pain, the record reflects the pain was aggravated by prolonged standing, sitting, and "longer distance[s] of walking." Tr. 543. Her level of function indicated that she had to use a cane sometimes or crutches when the pain was "really bad." *Id.* Also, the record reflects a medical assessment indicating notable findings of lower extremity weakness, limited hip flexibility, and abnormal gait mechanics "limiting [plaintiff's] mobility[.]" Tr. 545.

[6] To the extent plaintiff argues the ALJ was required to find she met Listing 1.02A based on the RFC determination that plaintiff could not walk on uneven terrain, courts have routinely rejected such arguments. *See, e.g., Moreno v. Astrue,* 444 Fed. Appx. 163, 164 (9th Cir. 2011) (an RFC determination that limited claimant to walking on even terrain did not establish inability to ambulate effectively under the listings); *Hernandez v. Colvin,* 2013 WL 1401368, at *4 (C.D. Cal. Apr. 4, 2013) ("ALJ's RFC determination that plaintiff cannot walk on uneven terrain . . . does not

The ALJ's step three finding is reversed and this case must be remanded.

## II.     Remedy

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1176–78 (9th Cir. 2000). The court first determines whether the ALJ committed legal error; and if so, the court must review the record and decide whether it is "fully developed, is free from conflicts and ambiguities, and all essential factual matters have been resolved." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal citation omitted). Second, the court considers whether further administrative proceedings would serve a "useful purpose." *Id*. at 407 (internal citation omitted). Third, if the court finds the record is fully developed and further administrative proceedings would not be useful, the court may credit the improperly discredited evidence as true and determine whether the ALJ would find the claimant disabled in light of this evidence. *Id.* (internal citation omitted). If so, the court may remand the case for an award of benefits, although the court ultimately retains "discretion in determining the appropriate remedy." *Id*. at 407–08 (internal citation omitted).

Here, the Court concludes the ALJ committed legal error at step three and that the "ALJ was required to make findings regarding plaintiff's ambulatory abilities under Listings 1.02A and 1.00(B)(2)(b)." *Nester*, at *8. The Court finds, however, that the record is not fully developed and further proceedings would serve a useful purpose. *See Petranoff*, 2018 WL 1399851, at *9 (remanding for further proceedings based on step three error "because the requirements under Listing[] 1.02 . . . are detailed and technical" and concluding "the matter could benefit from further

---

establish an inability to ambulate effectively for purposes of the listings"); *Delavara v. Astrue,* 2013 WL 645626, at *5 (C.D.Cal. Feb. 20, 2013) (ALJ's finding that uneven ground might affect plaintiff's ability to work did not equate to inability to ambulate effectively). As such, the Court concludes the ALJ was not compelled to find plaintiff disabled based on the RFC determination.

record development"). Specifically, the Court finds the record would benefit from a medical expert's evaluation as to whether plaintiff's impairments meet or equal Listing 1.02A and 1.02(B)(2)(b).

Accordingly, the Court remands this case on an open record to: (1) obtain an opinion from a medical expert as to whether plaintiff meets or equals all aspects of Listings 1.02A and 1.02(B)(2)(b); (2) conduct a *de novo* review of the medical opinion evidence in light of the medical expert's conclusions; (3) reassess plaintiff's subjective symptom and lay testimony; and (4) conduct any further necessary proceedings.

## CONCLUSION

For the reasons discussed above, pursuant to 42 U.S.C. § 405(g), Sentence Four, the decision of the Commissioner is REVERSED and this case is REMANDED for further proceedings consistent with this opinion and order.


IT IS SO ORDERED.

DATED this 20th day of November, 2019.


/s/ Patricia Sullivan

PATRICIA SULLIVAN
United States Magistrate Judge